OPINION of the Court, by
Judge Logan.
— This is a suit tor land under conflicting claims. The'appellant was the complainant below, holding under the juni- or title, but alleges the better right on account of the supposed vagueness of the adversary entry, It will therefore be proper to examine first h.6 entry, which is as follows :
“ December 17, 1783. — George Evans, assignee, enters 18,000 acres ot land on three treasury warrants, No. beginning on the south side of Laurence’s creek, at the mouth thereof, emptying in the rivérOhio j running thence down the river Ohio 1000 poles, when reduced to a straight line ; thence from the beginning up the said river 667 poles, when reduced to a straight line ; and from the termination of each end of this line southwardly at right angles for •quantity.”
The general' notoriety of Laurence’s creek is established beyond doubt, so that this entry is unquestiona *382 bly good ; and so much ef the survey as comprehends the appellees’ claims, is in conformity with the entry. We shall proceed, therefore, to investigate the claims of the appellees.,
The first is an entry in the name of James Speed, made on the 23d of May 1780, for 3200 acres, which calls to lie “ on the south side of the Ohio, at th-* narrows between the third and fourth bottom below the biggest three islands, which islands lie about 44 miles below the mouth of Scioto ; beginning at a walnut, sugar tree and buckeye, on the bank of the river, a little below the lower end «f the third hottom, thence S. 10 degrees W. 360 poles toa linn tree with three forks, thence S« 80 E. 336 poles to a buckeye and two large ash trees, thence S. 10 degrees W. 400 poles, passing a marked buckeye and two ashes to a black ash, buckeye and hoopwood -T thence N. 80 degrees W. 840 poles, passing two marked corners of old siurveys to a white ash, buckeye and black ash, thence N* 80 degrees E. 75Ó poles, to a buckeye and two sugar trees ; from thence to the beginning.’*
Two hundred acres of this entry was withdrawn, and 3000 surveyed calling for the same trees mentioned in the entry, and which is admitted to contain only 3000 acres.
Whether this is a good entry, is the question to be determined.
The three islands referred to in the entry admit of no doubt. The call for the “ narrows,” seems also to have been well understood to mean points, hills, or cliffs, makingr down towards the river between bottoms, Among the different places of this description the entry has referred to the one between the third and fourth bottoms below a given and well known point on the river. This description of the narrows intended, would be precise without room for a doubt, if no uncertainty existed with regard to what is the third or fourth bottom referred to. So in the call to begin “ at a walnut, sugar tree and buckeye, on the bank of the river, a little below, the lower end of the third bottom,” the call would direct immediately to the place of search, if the third bottom were clearly understood, and no doubt entertained as to what constitutes a bottom within the meaning of the locator.
*383 . .There,.is a bottom containing 19 1-2 acres at the mouth of Cabin cretk, which partly lies between the hills and the creek, and partly on the river. This bottom is by those in support of the entry excluded, as pot within the meaning and fair import df the entry, in their enumeration of the bottoms from the three islands ; while those opposed to the entry contend it is within the expression and call of the entry. This consrtuction of the entry would direct the search or inquiry of a locator to the lower end of what the advocates of the claim contend was the second and not the third bottom.
But whether the one or the other of the parties is correct as to what is really the third bottom within the meaning and description of the entry, doesnot seem ¡material to determine. Nevertheless, the evidence of early adventurers all go to prove, that according to their understanding of the Ohio bottoms, and their enumeration of them from the three islands down, that the third is the one below which this entry commences.
Still, if a subsequent locator were not satisfied, but believed from the natural situation of the bottom at the mouth of Cabi i creek, when considered in relation to other bottoms on the Ohio, that it formed a bottom fairly within the meaning of the entry, he could with certainty upon reasonable diligence have obviated all honest doubts from, an examination of the other calls.
Although the inference is strong that the trees called for oil the bank of the river a little below the .bottom, were marked,, and the line from thence blazed on the course given in the entry to the next corner ; and thereby have greatly facilitated the search of an inquirer for t^ose .trees at the several other corners, if he desired to find them; yet it is believed that the description of the trees by their species and relative situation, with respect to courses and distances, would have been sufficient. ...
, The malting of trees only identify them from others of the same species ; but if no others of the given des-⅜ cription existed at the place to which an inquirer was directed, then the identity without marking would be unquestionable. A locator therefore placed at the beginning, but doutning with respect to that as the proper place, by pursuing the, clew, given him in a specified course for the length of the §rst .line only, a little moré *384 than one mile, and he would find a linn tree With ^lreeforks corresponding with the description in the entry ; from this examination it is believed all reasonable doubts would have been removed.
We are however of opinion from the evidence in the cause, as to the bottoms, narrows, and situation of the three trees at the beginning on the bank of the river, that even without running the course of the line in quest of the linn tree, a subsequent locator would have been satisfied that was the place called for in the entry, and that the entry is valid and ought to be sustained.
It has already been observed that the 'survey was made calling for the same trees and giving the same courses, and was therefore in strict conformity to the entry.
Another claim in contest depends on an entry in the name of Mark Arnold, for 600 acres, which , was made’ on the 2d of June 1780, to adjoin Speed’s on the west, beginning at a particular corner, and running courses and distances to certain trees around to the beginning.
This entry has been also surveyed agreeably to its calls. We are therefore of opinion that the court below correctly dismissed the complainant’s bill.
Decree affirmed.